OPINION OF THE COURT

Per Curiam.

Petitioner, George Dixon, took office as Justice of the Village Court of Chatham in March of 1973, and as Justice of the Town Court of Ghent in January of 1976. He is not an attorney. As a result of an investigation conducted by the former State Commission on Judicial Conduct, charges were brought against the petitioner for requesting other Judges to accord favorable treatment to two defendants charged with traffic violations.[1] On January 8, 1978 respondent was served with a notice of hearing and a complaint. In his answer he waived a hearing.
Among the exhibits submitted to the commission was a letter dated May 20, 1975 sent by the petitioner to a Justice of a town court concerning Ronald Reinemann, charged with driving without a license and driving an unlicensed vehicle. The letter states: "Mr. Reinemann is a nice fellow who has a *525 great many personal problems at the moment, therefore I truly appreciate your kind consideration in the disposition of this matter.” Petitioner was also charged with improper conduct in seeking special treatment from a Justice of another town court for George Bidwell, charged with a speeding violation. In connection with this speeding charge petitioner admitted in his affidavit to the commission: "Mr. Bidwell was unemployed at the timé- and also recovering from a lengthy illness, and he approached me and asked me if I could help him. I felt compassion for this individual, and did talk to [the Town Court Judge] about the case.”
The former commission sustained the two charges, and imposed the penalty of censure. Before the commission transmitted its findings to the Chief Judge, the Legislature replaced it with the current State Commission on Judicial Conduct,[2] the respondent on this appeal. The new commission adopted the findings and determination reached by the former commission. The petitioner contends that the record does not support the commission’s decision, and that the penalty imposed is excessive.
Initially we note that we are empowered to "review the commission’s findings of fact and conclusions of law” as well as to "impose a less or more severe sanction” than imposed by the commission (NY Const, art VI, § 22, subd d; Matter of Spector v State Comm. on Judicial Conduct, 47 NY2d 462). While we find that the record does support the commission’s finding of misconduct, we agree with the petitioner that the penalty of censure is excessive, and that admonishment would be a more appropriate sanction. In so deciding we consider various mitigating factors. Firstly, the petitioner neither sought nor obtained any personal benefit in either the Reinemann or Bidwell case. As his affidavit indicates he was "doing what [he] felt was the right thing to do in the interest of justice.” Petitioner also claims, insofar as the Reinemann case is concerned, that all he intended was to make the Town Court Justice aware of the circumstances of the case; presumably as one might make known background circumstances to a sentencing Judge. Nothing in the record contradicts these assertions.
Despite these mitigating factors we conclude nonetheless that the petitioner did violate the Canons of Judicial Conduct, *526 for even if his motives were not culpable, his actions created the appearance of impropriety. Canon 2 (subd A) states: "A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” (See, also, Code of Judicial Conduct, Canon 1.) Communications from one Judge to another requesting, or appearing to request, special consideration for a defendant indicate a lack of impartiality and constitute misconduct within the meaning of the code. The record supports the commission’s finding that the petitioner engaged in such misconduct.
Accordingly the determination of the commission should be modified to the extent of reducing the sanction to admonishment.

. A third charge alleging that the petitioner was improperly influenced to reduce a traffic charge in People v Trask was dismissed on the prosecutor’s representation that he had consented to the reduction.

. (L 1978, ch 156.)