OPINION OF THE COURT

Per Curiam.

It is appropriate in the circumstances disclosed in this record that petitioner be censured for showing and seeking favoritism in the disposition of charges involving traffic violations.
The investigation in this case was commenced by the former State Commission on Judicial Conduct pursuant to section 43 of the Judiciary Law then in effect. The former commission determined that cause existed to conduct a hearing. In response to the formal complaint served on him petitioner, a Town Justice, admitted all but one of the factual allegations *34 against him and did not address the remaining allegation. He waived his right to the scheduled hearing. The former commission forwarded its determination of public censure to the Chief Judge of the Court of Appeals on March 13, 1978. The Chief Judge advised the former commission that it would be improper to proceed under the provisions of the Judiciary Law then in effect inasmuch as they would be superseded on March 31, 1978.
Pursuant to the provisions of section 48 of the Judiciary Law, as amended, this matter was accordingly transferred to the present State Commission on Judicial Conduct. That commission adopted the findings of the former commission and made its determination on December 13, 1978, finding, inter alia, that petitioner in nine separate cases before him between June, 1974 and August, 1976 had either imposed an unconditional discharge or reduced the charge and in one case dismissed the charge as the result of requests for favoritism received by him from the Justices or clerks of other city, town and village courts, and that in one case petitioner had requested favored treatment with respect to the disposition of a case pending before another Justice of his own court.* Based on these findings, the commission concluded that petitioner had violated the provisions of the Rules Governing Judicial Conduct promulgated by the Administrative Board of the Judicial Conference and the Code of Judicial Conduct and was guilty of showing and seeking favoritism, characterized by the commission as constituting "serious judicial misconduct”. On this predicate the commission determined that petitioner should be publicly censured. Petitioner has requested a review of this determination by our court.
Petitioner does not dispute the factual findings of the commission, as indeed he could not in view of his own admissions. *35 There is no merit to his contention that his rights were violated because the former commission failed to comply with the provisions of former section 44. As stated, that commission proceeded under the provisions of former section 43 rather than section 44, and there is no claim that the prescriptions of section 43 were not observed. Nor is there any support for the assertion that the commission was bound by law expressly to respond to the arguments advanced on petitioner’s behalf. Finally, petitioner argues that because he is a nonlawyer the charges should be dismissed, and in any event, that he should not be publicly censured. Again there is no merit to this argument (cf. Matter of Dixon v State Comm. on Judicial Conduct, 47 NY2d 523).
Because on this record we perceive no basis to disturb the factual determinations of the commission described above and no reason to modify the sanction determined by the commission, we accept its determination that petitioner be censured.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Determined sanction accepted, without costs.

 We observe that in its determination the commission also found that in four instances petitioner reduced the charges against the defendant "as a result of a communication he received on behalf of the defendant”. We are at a loss to comprehend the relevance of inclusion of these findings. Examination of the record discloses, without apparent contradiction by the commission, that petitioner states that the communications to him in these four cases were from the New York State Police investigator, a village police officer (who had checked with the issuing State trooper), a New York State Police sergeant, and the defendant’s attorney (after petitioner’s several efforts to reach the issuing officer by telephone were unavailing). Without more there is in these episodes no warrant whatsoever for judicial discipline. We cannot conclude, however, that had it not been for the findings with respect to these four cases the commission would have made a different determination.